## No. 4784.

### STATE ex rel. ATTORNEY GENERAL v. ACCOMMODATION BANK OF LOUISIANA.

The important question in this case is: Has act No. 77, of the legislative session of 1870, entitled "An Act to authorize the stockholders of the Loan and Pledge Association" to change the name of the incorporation, and to grant certain privileges to said association, been properly accepted?

The answer must be in the negative. The acceptance of an act which fundamentally changed the character of the institution, should have been by the unanimous consent of the stockholders. The assent which was given by a majority is not sufficient.

Legislative alterations of the charter of a private corporation, when merely auxiliary and not fundamental, may be adopted by a majority of the corporators, and such acceptance will bind the whole; but if such alterations be fundamental, the acceptance must be unanimous.

APPEAL from the Superior District Court, parish of Orleans. *Hawkins, J. A. P. Field*, Attorney General, *John Ray, Cotton & Levy*, for plaintiff and appellee. *Hays & New*, for defendant and appellant.

WYLY, J. On thirty-first October, 1868, the Legislature passed act No. 212, entitled "An Act to incorporate the Loan and Pledge Association." The object of the association was to loan money on pledge of movable property.

On ninth March, 1870, they passed act No. 77, entitled "An Act to authorize the stockholders of the Loan and Pledge Association to change the name of the incorporation and to grant certain privileges to said Association." Section 4 of said act provides that "the said Association shall have power to receive money on deposit, and shall have and exercise all the privileges of private banks."

This suit was brought by the Attorney General, under the intrusion act, against the defendants, on the ground that they are exercising the powers conferred by act No. 77 without having legally accepted the same, and therefore they are exercising the functions of a banking corporation without being legally incorporated. The defendants pleaded the general denial and alleged that act No. 77, entitled "An Act to authorize the Loan and Pledge Association to change the name of the incorporation and to grant certain privileges to the said Association," has been complied with in every respect.

The important question is, has act No. 77 been properly accepted?

The alteration proposed by this act to the charter of the Loan and Pledge Association fundamentally changes its character. Instead of merely to loan money at a certain rate of interest on movable property, the corporation, under the amendment proposed, is authorized to receive deposits and to do a general banking business. The acceptance of this grant should have been by the unanimous consent of the stockholders. The assent of a majority, which was given, was not sufficient.

State ex rel. Attorney General v. Accommodation Bank of Louisiana.

Legislative alterations of the charter of a private corporation when merely auxiliary and not fundamental, may be accepted by a majority of the corporators, and such acceptance will bind the whole; but if such alterations be fundamental, the acceptance must be unanimous. Woolfolk *v.* Union Bank, 3 Caldwell's Reports, page 489 : " The assent of the subscribers must be obtained to any amendment of the charter which materially or essentially alters the conditions upon which the original contract of the parties was made." 11 Georgia 438. See also 2 Metcalf 314.

It is therefore ordered that the judgment herein in favor of the plaintiff be affirmed with costs.